DAVID B. BARLOW, United States Attorney (#13117)
J. DREW YEATES, Assistant United States Attorney (#9811)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682


FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
APR 15 2013
D. MARK JONES, CLERK
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:13cr84 RJS |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| KASEY LARAINE SORTOR, | : | |
| Defendant. | : | Judge Robert J. Shelby |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Counts 1 and 2 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements of Count 1, Armed Credit Union Robbery, a violation of 18 U.S.C. § 2113(a) and (d), are:
 (a) That I intentionally took from the person and presence of another, money;
 (b) The money belonged to and was in the possession of a federally insured credit union at the time of the taking;
 (c) I took the money by means of force and violence, and by intimidation.

The elements of Count 2, Using and Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence, a violation of 18 U.S.C. § 924(c), are:
 (a) I committed an Armed Credit Union Robbery, which was a crime of violence;
 (b) I knowingly used, carried and brandished a firearm during and in relation to that robbery.

2(a). I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 18 U.S.C. § 2113(a) and (d), is a term of imprisonment of up to 25 years, a fine of $250,000, or both, and a term of supervised release of up to 5 years. I know that the maximum possible penalty provided by law for Count 2 of the Indictment, a violation

of 18 U.S.C. § 924(c), is a term of imprisonment of life, which includes a <u>minimum mandatory consecutive term of imprisonment</u> of not less than 7 years, a fine of $250,000, or both, and a term of supervised release of up to 5 years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

(b) Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses shall be ordered pursuant to 18 U.S.C. § 3663A, and I agree to pay restitution jointly and severally with my co-defendants.

(c) If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

Count 1: On January 23, 2013, in Salt Lake County, State of Utah, as a party to the offense, I robbed the University First Federal Credit Union in West Jordan, of United States Currency, by use of force, violence, and intimidation. More specifically, I played the role [*role*] of the getaway drivers after my co-defendants robbed the credit union along wearing dark clothing, a hooded sweatshirts, gloves, and masks. I fled the scene. I recognize and admit that the credit union was federally insured at the time of the robbery. I also admit that my conduct violated 18 U.S.C. §§ 2113(a) and (d) and 2.

Count 2: During the crime of violence described above, my co-defendant used, carried and brandished a firearm. I knew that he had a firearm and that he was going to use it during the robbery. I admit that my conduct violated 18 U.S.C. §§ 924(c) and 2.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A. The defendant agrees:

(1) I will plead guilty to counts 1 and 2 of the Indictment;

APPELLATE WAIVER:

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the

grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver as set forth in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001);

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution;

RULE 410 WAIVER:

(3) If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding;

FINANCIAL PACKET:

(4) To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution

under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under Sentencing Guideline 3C1.1.; [and]

RESTITUTION:

(5)(a) I will pay full restitution, joint and several, for the January 23, 2013 robbery of the University First Federal Credit Union located at 7121 South Redwood Road, West Jordan, Utah **and** for the uncharged January 9, 2013 robbery of the Mountain America Credit Union located at 6761 South Redwood Road, West Jordan, Utah.

(5)(b) I agree that, pursuant to the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1), I am obligated to make restitution and the court is obligated to order that I pay it.

(5)(c) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664, and that under 18 U.S.C. §3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. §3664, and my lawyer has explained the consequences of an order of restitution.

(5)(d) I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three months or 50% of my income in prison from both institution and other sources. I agree to pay restitution during any period of incarceration imposed on me.

(5)(e) I understand and agree that my payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. §3614, the court can resentence me to any sentence which might originally have been imposed in my case.

TREASURY OFFSET PROGRAM and STATE FINDER:

(6) To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

B. The United States agrees:

NON-PROSECUTION:

(1) Not to seek an indictment or otherwise prosecute the Credit Union Robbery and/or corresponding 924(c) for the robbery on January 9, 2013 of the Mountain America Credit Union located at 6761 South Redwood Road.

ACCEPTANCE OF RESPONSIBILITY:

(2)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his [or her] offense [or offenses], up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines; and

(2)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction.

\* \* \* \*

I make the following representations to the Court:

1. I am _26_ years of age. My education consists of _two years college_. I [can/~~cannot~~] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs,

medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _15_ day of _April_, 2013.

KASEY LARAINE SORTOR
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained her rights to him, and I have assisted her in completing this form. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this _15_ day of _April_, 2013.

STEVEN KILLPACK
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this _15th_ day of _April_, 2013.

DAVID B. BARLOW
United States Attorney

J. DREW YEATES
Assistant United States Attorney